UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. WALLACE COPPOCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL GREEN, et al.,<br><br>Defendants. | Case No. 19-cv-00874-JSC<br><br>**SECTION 1915 INITIAL SCREENING OF COMPLAINT**<br><br>Re: Dkt. No. 1 |

Jeremy Shepard, Sheena Shepard, and Charles Wallace Coppock (collectively, "Plaintiffs") sue Russell Green, Betty Jean Green, and Daniele Maraviglia (collectively, "Defendants") seeking declaratory relief for alleged violations under the United States Constitution and a temporary restraining order prohibiting Defendants from prosecuting an Unlawful Detainer action in The Superior Court of California, County of Sonoma. (Dkt. Nos. 1 & 4-1.)[1] Having granted Plaintiffs' applications to proceed in forma pauperis, (Dkt. No. 6), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that it is deficient for the reasons stated below.

**COMPLAINT ALLEGATIONS**

The complaint does not contain a plain statement of facts and allegations. Plaintiffs were tenants of a rental property located at "8773 Highway 128 (Caretaker Cottage) Healdsburg, California 95448." (Dkt. No. 1 at 6.) The gravamen of the complaint is that Defendants "have themselves," or directed "Healdsburg police or others" to enter Plaintiffs' "rental premises to destroy plaintiff's [sic] property," and "discourage Jeremy Shepard from exercising his Constitutional Rights." (*Id.* at 7.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Plaintiffs allege violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution related to the alleged incidents. In addition, Plaintiffs allege that Defendants violated their right to privacy under the California Constitution. Plaintiffs seek the following: (1) declarations that each Defendant violated Plaintiffs' constitutional rights and that each Defendant is engaged in a conspiracy to violate Plaintiffs' constitutional rights; and (2) a temporary restraining order "restraining each named defendant from, among other things," further prosecuting their Unlawful Detainer action in state court. (*Id.* at 4-6.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without being represented by an attorney, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal

2

quotation marks and citation omitted).

## DISCUSSION

Plaintiffs allege that the named defendants violated Plaintiffs' constitutional rights. (Dkt. No. 1 at 2.) There is a threshold issue with Plaintiffs' constitutional claims, however, because Plaintiffs assert those claims against three private citizens—i.e., persons who are not government or state actors. Under 42 U.S.C. § 1983, a civil action for deprivation of constitutional rights "may lie against a private party who is a willful participant in joint action with the State or its agents." *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). Thus, "[i]ndividuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted). The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011).

Here, Plaintiffs do not allege that Defendants are government actors, nor do Plaintiffs allege that Defendants' conduct otherwise constituted state action. The complaint's lone reference to the "Healdsburg Police and others" is insufficient to ground the claims in state action because there are no allegations that the *named* defendants are state actors. *See Chun v. Rodman*, No. 18-00177 DKW-KSC, 2018 WL 4345252, at *2. (D. Haw. Sep. 11, 2018) (finding that plaintiff failed to sufficiently plead state action where he alleged that "his family members violated his federal civil rights by obtaining a TRO in family court and then by misleading Honolulu Police Department officers into carrying out his eviction.").

A plaintiff may satisfy the "joint action" requirement by sufficiently pleading a conspiracy with government actors. *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). Here, however, there is no allegation of a conspiracy between the Healdsburg police and Defendants that gives rise to a plausible inference of state action. The complaint instead alleges that "each *named* defendant is presently engaged in a conspiracy to violate each of the [Plaintiffs'] . . . alleged Constitutional Rights." (Dkt. No. 1 at 2 (emphasis added).) Further, even construing the allegation that "defendants . . . and the appointed agents conspired to . . . violate[ ]" Plaintiffs'

3

constitutional rights as an allegation of conspiracy between Defendants and Healdsburg police, the barebones allegation is insufficient to survive dismissal. *See Constable v. California*, No. 1:07-cv-995-OWW-SMS, 2007 WL 4404435, *7 (E.D. Cal. Dec. 13, 2007) (finding complaint frivolous under Section 1915 review because "a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983"); *Hiramanek v. Clark*, No. C-13-0228 EMC, 2013 WL 12308479, at *3 (N.D. Cal. Mar. 25, 2013) (dismissing 1983 claim on Section 1915 review because an allegation that a private party "conspired with the state court judges and employees to make adverse rulings against her" were either conclusory or speculative and thus failed to satisfy the pleading requirements under *Twombly* and *Iqbal*).

Plaintiff's allegations are similarly insufficient to give rise to a plausible inference that Defendants were willful participants in joint action with the Healdsburg Police. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights."). The complaint alleges that "[e]ach *named* defendant, individually and collectively has violated each of the plaintiff's constitutional rights." (Dkt. No. 1 at 2 (emphasis added).) The complaint contains a single reference to the Healdsburg Police, which states, in its entirety:

> The defendants have themselves, or, at their direction caused individuals, Healdsburg Police and others, to, without the plaintiff's consent to come upon Plaintiff's rental premises to destroy plaintiff's private property, discourage Jeremy Shepard from exercising his Constitutional Rights and as declared to, achieved other wrongful means and objectives which further accomplished their wrongful means of violating each named Plaintiff's Particularized Constitutional Rights.

(Dkt. No. 1 at 7.) Absent factual support, however, that allegation constitutes a barebones statement insufficient to demonstrate police involvement such that Defendants were acting under color of state law. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("[A] bare allegation of [ ] joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show . . . [acts] under color of state law or authority.") (internal quotation marks and

4

citation omitted).

In the absence of factual allegations demonstrating that Plaintiffs may properly assert constitutional claims against Defendants, the complaint fails.

## CONCLUSION

For the reasons set forth above, Plaintiffs' complaint fails section 1915 review. Plaintiffs may file an amended complaint by May 3, 2019; Plaintiffs' amended complaint must include factual allegations in support of their claims. Defendants' motion to dismiss, (Dkt. No. 17), is denied as moot and the hearing on that motion scheduled for May 16, 2019 is vacated. The denial of Defendants' motion is without prejudice to refiling if Plaintiffs survive section 1915 review following amendment, if any, of their complaint.

The Court encourages Plaintiffs to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiffs can make an appointment in person or by calling (415)792-8982.

This Order disposes of Docket Nos. 1 & 17.

**IT IS SO ORDERED.**

Dated: April 19, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. WALLACE COPPOCK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL GREEN, et al.,<br><br>Defendants. | Case No. 19-cv-00874-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

C. Wallace Coppock
Jeremy Shepard
Sheena Shepard
1014 Hopper Avenue #425
Santa Rosa, CA 95403

Dated: April 19, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

6